JEREMY W. FAITH (SBN 190647)
*Jeremy@MarguliesFaithLaw.com*
JONATHAN SERRANO (SBN 333225)
*Jonathan@MarguliesFaithLaw.com*
**MARGULIES FAITH LLP**
16030 Ventura Blvd., Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Proposed Counsel to Larry D. Simons,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>WILLIAM STEWART,<br><br>Debtor. | Case No.: 6:25-bk-10649-RB<br><br>Chapter 7<br><br>Adv. No.: _____ |
| LARRY D. SIMONS, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>WILLIAM STEWART, an individual, and KATHLEEN DECOUD, an individual,<br><br>Defendants. | **COMPLAINT FOR:**<br><br>**(1) AVOIDANCE, RECOVERY, AND PRESERVATION OF ACTUAL FRAUDULENT TRANSFER**<br>**[11 U.S.C. §§ 544(b), 550, and 551; Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07];**<br><br>**(2) AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFER**<br>**[11 U.S.C. §§ 544(b), 550, and 551; Cal. Civ. Code §§ 3439.04(a)(2) or 3439.05, and 3439.07]; AND**<br><br>**(3) TURNOVER** |

For his *Complaint for (1) Avoidance, Recovery, and Preservation of Actual Fraudulent Transfer [11 U.S.C. §§ 544(b), 550, and 551; Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07]; (2) Avoidance, Recovery, and Preservation Constructive Fraudulent Transfer [11 U.S.C. §§ 544(b), 550, and 551; Cal. Civ. Code §§ 3439.04(a)(2) or 3439.05, and 3439.07]; and (3) Turnover* (the "Complaint"), plaintiff Larry D. Simons ("Plaintiff"), the Chapter 7 Trustee for the bankruptcy estate (the "Estate") of debtor William Stewart (the "Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case"), alleges and avers as follows:

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H) and (O), 1334(b), and General Order No. 13-05 of the District Court for the Central District of California because this is a core proceeding arising in and/or related to the Bankruptcy Case, which is a case under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), and which is pending in the United States Bankruptcy Court for the Central District of California, Riverside Division (the "Court"). Regardless of whether this proceeding is core, noncore, or otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court. Defendant is hereby notified that Rule 7008 of the Federal Rules of Bankruptcy Procedure requires defendants to plead whether consent is given to the entry of a final order and judgment by the bankruptcy court. Venue of this adversary proceeding properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) because this proceeding is related to the Debtor's pending Bankruptcy Case.

**PARTIES AND GENERAL ALLEGATIONS**

2. On February 4, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition"), commencing the Bankruptcy Case.

3. Plaintiff was appointed as the Chapter 7 Trustee in the Bankruptcy Case, and he continues to serve in this capacity at this time. Plaintiff was not appointed until after events of the case and, therefore, bases these allegations on information and belief.

4. Plaintiff brings this action solely in his capacity as the Chapter 7 Trustee for the benefit of the Estate and its creditors.

5. Plaintiff is informed and believes, and on that basis alleges, that the Debtor is, and at all material times was, an individual residing in the state of California.

6. Plaintiff is informed and believes, and on that basis alleges, that defendant Kathleen Decoud ("Decoud") is, and at all material times was, an individual residing in the state of California. Plaintiff is informed and believes, and on that basis alleges, that Decoud is the holder of a record title interest in the real property located at 9235 Peoria Lane, Moreno Valley, CA 92557 (the "Property"), which is in this judicial district in the state of California. The Debtor and Decoud are collectively referred to herein as "Defendants."

7. On November 19, 2020, the Debtor recorded a Warranty Deed, whereby he acquired the Property on October 18, 2022.

8. On March 4, 2022, the Debtor executed a Note and Deed of Trust, securing a loan on the Property in the amount of $390,000 plus interest, in favor of Rocket Mortgage, LLC f/k/a Quicken Loans, LLC ("Rocket Mortgage").

9. Less than a month later, on April 1, 2022, the Debtor transferred the Property to Decoud via Grant Deed for no consideration (the "Transfer").

10. Almost two years later, on March 18, 2024, Decoud recorded the Grant Deed.

11. Less than one month after Decoud recorded the Grant Deed, on April 11, 2024, Sergio Lainfiesta ("Lainfiesta") filed a lawsuit against the Debtor in the Superior Court of California, County of Riverside [Case No. CVRI2401952], seeking specific performance for the Debtor's transfer of title to the Property to Lainfiesta.

2

12. Despite having transferred the Property to Decoud, on information and belief, the Debtor continues to pay the Rocket Mortgage on account of the mortgage on the Property. In the Debtor's Schedule J, which he filed on February 4, 2025 with the Petition, the Debtor lists that he pays $2,900 in rental or home ownership expenses for his residence.

13. According to the Petition, the Debtor lives at the Property where he operates a horse boarding business, which was not disclosed in his bankruptcy schedules.

14. In addition to not disclosing his horse boarding business, the Debtor did not disclose the Transfer in his schedules or statements.

## FIRST CLAIM FOR RELIEF

**Avoidance, Recovery, and Preservation of Actual Fraudulent Transfer**

**Against Decoud**

**[11 U.S.C. §§ 544(b), 550, and 551; C̲ᴀʟ. C̲ɪᴠ. C̲ᴏᴅᴇ §§ 3439.04(a)(1) and 3439.07]**

15. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 14 of the Complaint as though set forth in full.

16. On information and belief, before the Transfer was made, entities to which the Debtor was or became indebted include the following:

    a. Internal Revenue Service;

    b. Southern California Edison; and

    c. Sunrun Inc.

These entities are collectively referred to herein as the "Existing Creditors."

17. At the time of the Transfer, the Debtor did not receive reasonably equivalent value in exchange for the Transfer.

18. In fact, the Debtor received no consideration for the Transfer.

19. The Transfer left the Debtor remaining assets that were unreasonably small in relation to the transaction.

20. The Debtor became insolvent as a result of the Transfer.

21. The Debtor retained possession or control of the Property after the Transfer.

22. Despite the Debtor making the Transfer on April 1, 2022, the Transfer was concealed until March 18, 2024 when Decoud recorded the Grant Deed.

23. Lainfiesta sued the Debtor on April 11, 2024, shortly after Decoud recorded the Grant Deed.

24. The Transfer was for substantially all of the Debtor's assets.

25. The Transfer occurred shortly after the Debtor incurred a substantial debt to Rocket Mortgage.

26. Thus, the Debtor made the Transfer with actual intent to hinder, delay, or defraud his creditors including the Existing Creditors.

27. The Transfer occurred within the four years prior to the Petition Date.

28. Decoud is the initial transferee of such Transfer, or she is the immediate or mediate transferee of such initial transferee.

29. At all relevant times, the Transfer of the Property is avoidable as fraudulent pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against his Estate under 11 U.S.C. § 502 or that were not and are not allowable only under 11 U.S.C. § 502(e), including, without limitation, the Existing Creditors.

30. Accordingly, the Transfer made by the Debtor should be avoided as fraudulent under 11 U.S.C. §§ 544(b) and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07, and such Property, or the value thereof, should be recovered and preserved for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551 and Cal. Civ. Code § 3439.07.

/ / /

/ / /

# SECOND CLAIM FOR RELIEF

**Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfer Against Decoud**

**[11 U.S.C. §§ 544(b), 550, and 551;**

**CAL. CIV. CODE §§ 3439.04(a)(2) or 3439.05, and 3439.07]**

31. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 14 of the Complaint as though set forth in full.

32. On information and belief, before the Transfer was made, entities to which the Debtor was or became indebted include the Existing Creditors.

33. The Debtor did not receive reasonably equivalent value in exchange for the Transfer.

34. In fact, the Debtor received no consideration for the Transfer.

35. The Debtor was insolvent at the time of the Transfer, or the Debtor became insolvent as a result of the Transfer.

36. At the time of the Transfer, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

37. At the time of the Transfer, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

38. Decoud is the initial transferee of such transfer or the entity for whose benefit such transfer was made, or she is the immediate or mediate transferee of such initial transferee.

39. At all relevant times, the Transfer is avoidable as fraudulent pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.05 and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against his Estate under 11 U.S.C. § 502 or that were not and are not allowable only

1 under 11 U.S.C. § 502(e), including, without limitation, the Existing Creditors.

2     40.    Accordingly, the Transfer made by the Debtor should be avoided as
3 fraudulent under 11 U.S.C. §§ 544(b) and Cal. Civ. Code §§ 3439.04(a)(2) or 3439.05,
4 and 3439.07, and such Property, or the value thereof, should be recovered and
5 preserved for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551 and Cal.
6 Civ. Code § 3439.07.

### THIRD CLAIM FOR RELIEF
### Turnover of Estate Property
### Against Both Defendants
### [11 U.S.C. § 542]

11     41.    Plaintiff realleges and incorporates herein by reference each and every
12 allegation contained in paragraphs 1 through 14 of the Complaint as though set forth in
13 full.

14     42.    One or both of the Defendants have possession or control over the
15 Property, which is property of the Estate.

16     43.    Decoud holds the Property in constructive trust for the benefit of the
17 Debtor.

18     44.    The Property is property of the Estate and is not of inconsequential value
19 to the Estate.

20     45.    The Property is the type of property that Plaintiff could sell pursuant to
21 section 363 of the Bankruptcy Code.

22     46.    Accordingly, Plaintiff is entitled to a judgment for turnover of the Property
23 pursuant to 11 U.S.C. § 542.

### RESERVATION OF RIGHTS

25     47.    Plaintiff reserves the right to bring all other claims or causes of action that
26 Plaintiff may have against any of the Defendants, on any and all grounds, as allowed
27 under the law or in equity, including but not limited to, those claims not known by Plaintiff
28 at this time but that he may discover during the pendency of this adversary proceeding.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of the Estate, prays for judgment as follows:

**On The First and Second Claims for Relief:**

1. avoiding, recovering, and preserving the Transfer against Decoud;

**On The Third Claim for Relief:**

2. ordering Defendants to immediately turn over the Property or the proceeds thereof;

**On All Claims for Relief:**

3. awarding costs of suit incurred herein; and

4. granting any other and further relief as the Court deems just and proper.

DATED: May 13, 2025    **MARGULIES FAITH LLP**

By: */s/ Jonathan Serrano*
Jonathan Serrano
Proposed Counsel to Larry D. Simons,
Chapter 7 Trustee